IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: _____

GLENN G. GOLDAN AND SHELLE A. GOLDAN, TRUSTEES OF THE GLENN AND SHELLE GOLDAN 2019 TRUST, dated September 30, 2019,

       Plaintiff,

v.

THE KINGDOM OF GOD GLOBAL CHURCH, Inc., a Missouri not for profit corporation, and SUSAN ALTMAN, an individual,

       Defendants.
_____ /

## COMPLAINT

Plaintiff, Glenn G. Goldan and Shelle A. Goldan, Trustees of The Glenn and Shelle Goldan 2019 Trust, dated September 30, 2019 (the "Trust"), hereby sues Defendants, The Kingdom of God Global Church, Inc., a Missouri not for profit corporation ("Borrower"), and Susan Altman, an individual ("Guarantor"), to foreclose a mortgage, for breach of a promissory note, and for breach of a guaranty. In support hereof, the Trust alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an action to foreclose on certain commercial real and personal property located in Tampa, Hillsborough County, Florida, and for breach of the

hereinafter described Promissory Note and Guaranty, with amounts in controversy in excess of $1,500,000.00, exclusive of interest, attorneys' fees, and costs.

2. The amount in controversy presented by this dispute exceeds the monetary threshold, and there is complete diversity of citizenship between the parties.

3. Glenn G. Goldan and Shelle A. Goldan, Trustees of The Glenn and Shelle Goldan 2019 Trust, dated September 30, 2019, is a trust that owns and holds the Loan Documents (as defined hereinbelow), which are secured by real and personal property collateral located in Hillsborough County, Florida, which is the subject of this action.

4. Glenn G. Goldan ("Mr. Goldan") is a trustee of the Trust and is a citizen of the State of Arizona having his permanent residence at 13427 N. Stone View Trail, Fountain Hills, AZ 85268.

5. Shelle A. Goldan ("Ms. Goldan") is a trustee of the Trust and is a citizen of the State of Arizona having her permanent residence at 13427 N. Stone View Trail, Fountain Hills, AZ 85268.

6. The Glenn and Shelle Goldan 2019 Trust was originally created in California on September 30, 2019. However, for diversity jurisdiction purposes, it holds the citizenship of its Trustees – here Arizona.

7. Borrower owns and operates certain real property, personal property, and improvements (described and defined below, respectively as the "Collateral")

located in Tampa, Hillsborough County, Florida, and is the borrower under the hereinafter described Loan.

8. Borrower is a corporation and, when determining its citizenship, it is a citizen of both its state of incorporation and principal place of business for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

9. Pursuant to the Florida Department of State, Division of Corporations, Borrower, is a not-for-profit corporation incorporated in Missouri and maintaining its principal address at 20320 Superior Rd., Taylor, MI 48180. Therefore, Defendant's state of incorporation is Missouri, and its principal place of business is Michigan, so it is therefore a citizen of Missouri and Michigan.

10. Guarantor is the individual who has guaranteed certain Borrower obligations under the terms of the hereinafter described Guaranty.

11. Guarantor is domiciled in the State of Missouri, residing in St. Louis County, Missouri, with an intent to remain in St. Louis County, Missouri.

12. Evidence of domicile for Guarantor includes, but is not limited to, ownership of property located at 17035 Main St., Wildwood, MO 63040 in St. Louis County, and which Guarantor has identified as her residence pursuant to the Loan Documents (as defined hereinbelow) and pursuant to Borrower's filings with the Florida Department of State Division of Corporations.

13. Guarantor is therefore domiciled (with an intent to remain) in Missouri, and thus, is a citizen of Missouri.

14. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because of the complete diversity of citizenship and residency between Plaintiff and Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

15. Venue is proper before this Court pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

### The Loan

16. On or about July 7, 2025, Borrower obtained a loan from ReProp Investments, Inc. ("Original Lender"), in the original principal amount of $1,300,000.00 (the "Loan").

17. The Loan is evidenced by a Promissory Note dated July 7, 2025, made by Borrower in favor of Original Lender in the original stated principal amount of $1,300,000.00 (the "Note"). A true and correct copy of the Note is attached as **Ex. A**.

18. The Loan is secured by real property in the form of land and improvements thereto, including a residence and related amenities, located at 706 Guisando De Avila, Tampa, FL 33613.

19. The Loan is further evidenced and governed by that certain Loan and Security Agreement dated as of July 7, 2025, executed by Borrower and Original Lender (the "Loan Agreement"). A true and correct copy of the Loan and Security Agreement is attached as **Ex. B**.

20. To secure Borrower's obligations to Original Lender under the Note,

Borrower granted Original Lender a second priority security interest in all real property located at 706 Guisando De Avila, Tampa, FL 33613 and all rights appurtenant thereto (the "Real Property Collateral"), pursuant to that certain Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated July 7, 2025, executed by Borrower in favor of Original Lender, and recorded in the Official Records of Hillsborough County, Florida (the "Official Records") on July 11, 2025, as Instrument # 2025299650 (the "Mortgage"). A true and correct copy of the Mortgage is attached as **Ex. C**.

21. The Mortgage also granted to Original Lender, *inter alia*, an absolute assignment of Borrower's interest in the rents, revenues, and income generated by the Real Property Collateral (the "Rents").

22. As further described in the Mortgage and Loan Agreement, Borrower's obligations under the Note are further secured by the Rents and all of the personal property owned by Borrower, as more particularly described in the Mortgage and Loan Agreement (collectively, the "Personal Property Collateral"). The Real Property Collateral and the Personal Property Collateral are collectively referred to as the "Collateral," which encompasses all real and personal property owned by Borrower and related to the property located at 706 Guisando De Avila, Tampa, FL 33613.  A full description of the Collateral is attached as **Ex. D**.

23. To further secure Borrower's obligations to Original Lender under the Note, Guarantor executed that certain General Guaranty and Indemnity

Agreement dated July 7, 2025, in favor of Original Lender (the "Guaranty"). A copy of the Guaranty is attached as **Ex. E**.

24.     The Note, Mortgage, Loan Agreement, and Guaranty, as assigned to Plaintiff as described hereinbelow, shall be referred to as the "Loan Documents."

## The Assignment of the Loan from Original Lender to the Trust

25.     The Loan was assigned by Original Lender to the Trust by that certain Assignment of Deed of Trust dated August 25, 2025 and recorded in the Official Records of Hillsborough County on August 25, 2025 as Instrument # 2025368229 (the "Assignment of Mortgage"). A true and correct copy of the Assignment of Mortgage is attached as **Ex. F**.

## Events of Default Under the Loan Documents

26.     An Event of Default has occurred under the Loan Documents. Borrower failed to make the installment payment of $600,000 that was due January 1, 2026 under the Loan Documents (the "Event of Default").

27.     The Note provides that upon an Event of Default "the whole sum of principal and interest shall become due and payable at the option of the Lender without notice or demand."

28.     Borrower failed to cure the Event of Default and has failed to pay any amounts owed to Plaintiff since the Event of Default.

29.     For purposes of this Complaint, all of the sums owed by Borrower to Plaintiff under the Loan Documents, including, without limitation, any late fees, default interest, prepayment charges, attorneys' fees and other costs of collection,

and costs of insuring, protecting, maintaining, or disposing of the Collateral shall be referred to collectively as the "Indebtedness."

30. As a result of the foregoing Event of Default, Plaintiff has employed the services of the undersigned counsel to collect the Indebtedness due Plaintiff under the Loan Documents, to protect Plaintiff's security under the Loan Documents, and to institute and prosecute this action. Plaintiff is obligated to pay its counsel reasonable attorneys' fees and expenses for their services. The reimbursement of all such attorneys' fees and costs, together with interest thereon, is part of the Indebtedness secured by the Loan Documents.

31. As a result of the Event of Default, Plaintiff has expended and will expend during the pendency of this action certain necessary costs, charges, and expenses of suit, including, without limitation, the expenses detailed above, as well as title searches, third-party reports for due diligence prior to foreclosure, and costs incurred for protection of the Collateral. Pursuant to the terms of the Loan Documents, said amounts, with interest thereon, are part of the Indebtedness and secured by the Loan Documents.

32. Borrower owes Plaintiff the Indebtedness and all other amounts owed under the Loan Documents, which includes, without limitation, principal, interest, late charges, protective advances, special servicing fees, expenses, attorneys' fees and costs, and all other amounts owed to Plaintiff under the Loan Documents.

33. All conditions precedent to the bringing of the causes of action alleged herein have occurred, have been waived, or would otherwise be futile to perform.

## **COUNT I - FORECLOSURE OF COLLATERAL**

34. This is an action by Plaintiff against Borrower to foreclose on the Collateral, with an amount in controversy in excess of $1,500,000.00, which Collateral is located in Hillsborough County, Florida.

35. The allegations contained in paragraphs 1-33 are re-alleged herein as if set forth in their entirety.

36. Borrower has defaulted under the Loan Documents by failing to pay the entire Indebtedness owed to Plaintiff after the occurrence of the Events of Default.

37. Borrower owes Plaintiff the Indebtedness that has accrued and continues to accrue under the Loan Documents, with $1,300,000.00 in unpaid principal, plus $130,913.25 in accrued interest, $60,000 in late fees, $27,750.00 in unpaid fees, $128.94 in unpaid fees interest, and $25,358.90 in default interest from January 1, 2026 to March 31, 2026, for a total indebtedness of $1,544,151.09.

38. Borrower has failed to pay the Indebtedness owed to Plaintiff under the Loan Documents.

39. Borrower's refusal to pay the Indebtedness that is due under the Loan Documents constitutes an Event of Default thereunder.

40. Pursuant to the terms of the Loan Documents, Plaintiff has the right to foreclose on the Collateral upon the occurrence of an Event of Default.

41. Borrower currently possesses and owns the Collateral. Borrower may claim an interest in the Collateral by virtue of Borrower's ownership of the

Collateral; however, such interest is inferior to and subordinate to Plaintiff's security interest in the Collateral provided by the Loan Documents.

42. As a result of the Event of Default, Plaintiff has been compelled to bring this action to foreclose its security interest in the Collateral.

43. Plaintiff has agreed to pay its undersigned attorneys their reasonable fees and costs for their services, which amount Borrower is obligated to pay pursuant to the terms of the Loan Documents, and which are secured by the lien of the Loan Documents.

WHEREFORE, Plaintiff prays that this Honorable Court:

(a) Determine the amount of all amounts due to Plaintiff pursuant to the terms of the Loan Documents, plus the costs, expenses and reasonable attorneys' fees incurred by Plaintiff in the prosecution of this action as provided in the Loan Documents;

(b) Enter judgment for Plaintiff and against Borrower, directing that the amounts found to be due to Plaintiff be paid to Plaintiff within a time certain set and established by the Court, and if such amounts are not so paid, that the Collateral be sold under judgment of foreclosure and sale pursuant to § 45.031, Fla. Stat., and that the proceeds of such sale be applied to the amounts found to be due to Plaintiff, and that all right, title, or interest of Borrower and any persons or entities claiming any right, title, interest, or claim in the Collateral by, through, under, or against Borrower or any other person or entity since the filing of the Notice of Lis Pendens herein, be barred and forever foreclosed;

(c) If requested by Plaintiff in a separate motion, enter an order appointing a suitable receiver to take charge of the Collateral pursuant to the Uniform Commercial Real Estate Receivership Act, §§ 714.01, et. seq., Fla. Stat.;

(d) Retain jurisdiction to grant Plaintiff such other and further relief as the Court deems just and proper, including, without limitation, issuing a writ of possession, entering a deficiency judgment, if applicable, and conducting a re-foreclosure of the Collateral, if necessary; and

(e) Grant such other relief that it deems just and proper.

## COUNT II – BREACH OF NOTE

44. This is an action for breach of the Note against Borrower with an amount in controversy in excess of $1,500,000.00, exclusive of interest, attorneys' fees and costs.

45. The allegations contained in paragraphs 1-33 are re-alleged herein as if set forth in their entirety.

46. Plaintiff owns and holds the Note, which is secured by the Mortgage, and Plaintiff is in physical possession of the Note at the time of filing this lawsuit.

47. As a result of the Event of Default under the Loan Documents, the entire Indebtedness under the Note is due and payable to Plaintiff.

48. As a direct result of the Event of Default under the Loan Documents, as of March 31, 2026, Borrower owes Plaintiff $1,300,000.00 in principal, plus interest and lates fees accruing thereon from January 12, 2026, for a total indebtedness amount of $1,544,151.09.

49. For the purpose of collection and enforcement, Plaintiff has agreed to pay its undersigned attorneys their reasonable fees and costs for their services, which amount Borrower is obligated to pay pursuant to Section 8 of the Note.

WHEREFORE, Plaintiff, prays that this Honorable Court will enter judgment in favor of Plaintiff and against Borrower in the amount of $1,544,151.09, the costs of the action, reasonable attorneys' fees incurred by Plaintiff, and grant such other and further relief as the Court may deem just and proper.

## **COUNT III – BREACH OF GUARANTY**

50. This is an action for breach of the Guaranty against Guarantor with an amount in controversy in excess of $1,500,000.00, exclusive of interest, attorneys' fees and costs.

51. The allegations contained in paragraphs 1-33 are re-alleged herein as if set forth in their entirety.

52. Plaintiff owns and holds the Guaranty.

53. As a result of the Event of Default under the Loan Documents, the entire Indebtedness under the Loan Documents is immediately due and payable to Plaintiff.

54. As a result of the Event of Default under the terms of Loan Documents, Borrower owes Plaintiff the Indebtedness that has accrued under the Loan Documents.

55. Guarantor defaulted under the terms of the Guaranty by failing to pay the Indebtedness due to Plaintiff and otherwise fulfill the Loan Documents' obligations.

56. Pursuant to the terms of the Guaranty, Guarantor now owes, jointly and severally, to Plaintiff $1,300,000.00 in principal, plus interest and lates fees accruing thereon from January 12, 2026, for a total indebtedness amount of $1,544,151.09.

57. Guarantor has refused to pay the Indebtedness due to Plaintiff.

58. Guarantor's refusal to pay the Indebtedness to Plaintiff constitutes a breach of the Guaranty, which has caused Plaintiff to suffer and incur damages.

59. For the purpose of collection and enforcement, Plaintiff has agreed to pay its undersigned attorneys their reasonable fees and costs for their services, which amount Guaranty is obligated to pay pursuant to Section 20 of the Guaranty.

WHEREFORE, Plaintiff, prays that this Honorable Court will enter judgment in favor of Plaintiff and against Guarantor in the amount of $1,544,151.09, the costs of the action, reasonable attorneys' fees incurred by Plaintiff, and grant such other and further relief as the Court may deem just and proper.

Dated this March 11, 2026.

By: */s/ David B. Levin*
David B. Levin
Florida Bar No.: 026394
dlevin@bakerdonelson.com

                                                       Baker, Donelson, Bearman,
                                                       Caldwell & Berkowitz, PC
                                                       200 E. Broward Blvd., Suite 2000
                                                       Fort Lauderdale, Florida 33301
                                                       Telephone:  (954) 768-1600
                                                       Telecopier:  (954) 333-3930
                                                       Counsel for Plaintiff